IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELO TINOCO, JASON TUCKER,
and XAVIER ARAGON,

      Plaintiffs,

v.                                              No. CIV 24-0405 JB/LF

FNU WILKENS, JACOB LNU,
ALISHA TAFOYA,
NEW MEXICO PAROLE BOARD,
and GUADALUPE COUNTY CORRECTIONAL
FACILITY,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on: (i) the Plaintiffs' Civil Rights Complaint, filed April 29, 2024 (Doc. 1)("Complaint"); (ii) the Plaintiffs' Supplement to Civil Rights Complaint, filed May 16, 2024 (Doc. 3)("Supplement"); (iii) the Plaintiffs' Amended Civil Rights Complaint, filed May 23, 2024 (Doc. 4)("First Amended Complaint"); (iv) the Plaintiffs' Amended Civil Rights Complaint, filed June 3, 2024 (Doc. 8)("Second Amended Complaint"); and (v) the Plaintiffs' Amended Civil Rights Complaint, filed September 9, 2024 (Doc. 11)("Third Amended Complaint"). The pleadings challenge the inmates' conditions of confinement at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico. See Complaint at 4. The primary issue is whether it is feasible for multiple inmate-plaintiffs to prosecute this case. The Court concludes that joinder is impractical in this case, because different sets of plaintiffs have signed different amended complaints.

**BACKGROUND**

Plaintiffs Angelo Tinoco, Jason Tucker, and Xavier Aragon initiated this proceeding by filing the Complaint. Those three Plaintiffs, thereafter, filed a series of supplemental and amended pleadings, adding claims and parties. See Supplement at 1 (adding Saul Saenz as a Plaintiff); First Amended Complaint at 1; Second Amended Complaint at 1; Third Amended Complaint at 1. In addition, the Plaintiffs have filed the following motions: (i) Motion to Proceed Pursuant to 28 U.S.C. § 1915, filed May 23, 2024 (Doc. 5); (ii) Motion to Appoint Counsel, filed May 23, 2024 (Doc. 6); (iii) Motion to Proceed Pursuant to 28 U.S.C. § 1915, filed June 3, 2024 (Doc. 9); and (iv) Motion to Proceed Pursuant to 28 U.S.C. § 1915, filed September 9, 2024 (Doc. 12).

**LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS**

Section 1915(e) of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e). The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted under rule 12(b)(6) of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1915(e). Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)). A complaint's sufficiency is a question of law, and, when reviewing the complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues &

Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)(second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 245-236 (3d ed. 2004))(footnote omitted).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original). The Tenth Circuit

states:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." [Bell Atl. Corp. v. Twombley, 550 U.S. at 570]. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, pro parties must file a legible pleading that complies with rule 8. That rule requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a).

## LAW REGARDING RULE 20 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 20 governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit a joinder where all claims arise from the same transaction or occurrence, and share at least one question of law or fact. See Rule 20(a)(1); Hefley v. Textron, Inc., 713 F.2d 1487, 1499 (10th Cir. 1983)(noting that permissive joinder is a matter of discretion). Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with pro

- 4 -

se prisoner litigation.  See Bourn v. Geo Grp., Inc., No. 11-cv-02628-BNB, 2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012)(Boland, M.J.)("Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)."); Ricky L. Hollins, et al., v. KDOC Staff, et al., No. 24-3134-JWL, 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024)(Lungstrum, J.)("In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1).").  If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [rule] 11(a) [of the Federal Rules of Civil Procedure]." Bastian v. Jaramillo, No. 21-350 WJ/JFR, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023)(Robbenhaar, M.J.)(Court adds brackets).  Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from  . . . conferring with one another, reviewing proposed pleadings [to comply with rule 11], and . . . meet[ing] the court's deadlines." Dill v. Thomas, CIV-23-875-D, 2023 WL 8115921, at *1-2 (W.D. Okla. Oct. 31, 2023)(Court adds brackets).  See Pinson v. Whetsel, No. CIV-06-1372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007)(Bacharach, M.J.)("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a . . . legitimate prison policy.").

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for all claims in the complaint, whether or not they concern him personally." Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004)(emphasis in original).  This rule means that, if the inmate-plaintiffs are proceeding in forma pauperis -- which is true in the vast majority of cases -- they could all accrue strikes under

28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim.  See Boriboune v. Berge, 391 F.3d at 855 (explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing); 28 U.S.C. § 1915(g) (noting that inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed in forma pauperis after accruing three strikes).  Finally, "multiple-plaintiff prisoner litigation 'also raises concerns that pro se prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims.'"  Hunnicutt v. Smith, No. 18-619 JCH/GBW, 2021 WL 3618315, at *20-21 (D.N.M. Aug. 16, 2021)(Wormuth, M.J.)(quoting Palacios v. Corr. Corp. of America, CV 11-0584 MV/WPL, 2012 WL 13076596, * 9 (D.N.M. Sept. 14, 2012)(Lynch, M.J.)).

## ANALYSIS

The filings here implicate a number of concerns with multiple-plaintiff pro se prisoner litigation.  The inmate-plaintiffs did not all sign one pleading.  Instead, different subsets of inmate-plaintiffs have signed multiple pleadings raising various claims against different sets of Defendants.  The multiple pleadings, claims, and sets of Defendants makes it impossible to discern the scope of the joined claims.  Moreover, the New Mexico Corrections Department inmate-locator website reflects that at least two of the original inmate-plaintiffs have been released from custody. See Offender Search, New Mexico Corrections Department https://www.cd.nm.gov/offender-search/ (last visited February 18, 2025)(reflecting that Tinoco and Aragon are no longer incarcerated).  For all of these reasons, the Court finds that joinder is impractical in this case.

Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under rule 20.  Some courts dismiss the entire case and require each plaintiff to file a new case.  See, e.g., Ricky L. Hollins, et al., v. KDOC Staff, No. 24-3134-JWL, 2024 WL

4836237, at *3 (D. Kan. Nov. 20, 2024)(Lungstrum, J.)(noting the case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice"). If there is one primary filer among the inmate-plaintiffs, some courts permit that filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without prejudice to refiling. See, e.g., Gentry v. Lawton Corr. Facility, No. CIV-14-310, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014)(Mitchell, M.J.)(noting one plaintiff "has been the dominate [sic] filer thus far," and that the other plaintiff should be "dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action").

There is no primary filer in this case. Each Plaintiff has submitted and signed multiple pleadings. The Court also notes that dismissing the claims and requiring each inmate-Plaintiff to file his own case will not result in any prejudice. The claims arose in 2024 and are not time-barred. See Complaint at 1 (noting the date); Varnell v. Dora Consol. School Dist., 756 F.3d 1208, 1212 (10th Cir. 2014)("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims."). Moreover, none of the inmate-Plaintiffs have paid a fee in this case, as the Court deferred collecting any initial partial filing fees until after making a determination on the proposed joinder.

The Court, therefore, dismisses this case and each pleading and Supplement herein, without prejudice. Each inmate-Plaintiff must file a new case limited to his own claims, if he wishes to continue litigating. If any inmate-Plaintiff continues to file amended pleadings in this closed case, the Court may direct the Clerk's Office to open a new case for that individual. Finally, the Court dismisses all pending motions as moot and without prejudice to refiling in the new case.

**IT IS ORDERED** that: (i) all claims in the above-captioned case are dismissed without prejudice as to each inmate-Plaintiff filing his own separate action; (ii) all pending motions,

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed May 23, 2024 (Doc. 5), Motion to Appoint Counsel, filed May 23, 2024 (Doc. 6), Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed June 3, 2024 (Doc. 9), and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed September 9, 2024 (Doc. 12), are dismissed without prejudice; and (iii) the Court will enter a separate Final Judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Angelo Tinoco
Hobbs, New Mexico

     *Plaintiff, pro se*

Jason Tucker
Santa Rosa, New Mexico

     *Plaintiff, pro se*

Xavier Aragon
Santa Rosa, New Mexico

     *Plaintiff, pro se*